JOSEPH M. VICARISI, ASSIGNEE OF FRED L. TICHENOR, PLAINTIFF-APPELLANT, v. DORIS I. WEEDEN, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-respondent, *Patterson, Rhome & Morgan* (*Lester C. Leonard,* of counsel).

For the plaintiff-appellant, *Nicholas La Vecchia* (*Herbert A. Kuvin,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court in favor of the defendant and against the plaintiff of no cause of action. The case was tried at the Essex Circuit before the Circuit Court judge and a jury, and the judge directed a verdict.

The suit was brought by Joseph M. Vicarisi, the assignee of Fred L. Tichenor, against Doris I. Weeden. Tichenor was a real estate and mortgage loan broker and brought this suit against Weeden for damages caused by Weeden's breach of a contract, which breach it was claimed consisted of the fact

that the defendant made it impossible for Tichenor to perform his part of a contract. The facts were, that Weeden applied to Tichenor for a mortgage loan. An application was filled out and signed by Weeden which provided, "the undersigned wishes to procure a loan of $35,000 for five years at six per cent. interest on the bond of Doris I. Weeden on the following property, and states that the application will not be made elsewhere until a decision is rendered and also agrees to pay Fred L. Tichenor three per cent. commission for procuring the said loan, including the cost of preparing and recording of all necessary papers, abstract of title, searches and attorney or title company for examination and insuring of the title, excluding revenue stamps if borrower is a corporation.

"Owner of property, Doris I. Weeden.

"Located on the northwest corner of Second avenue and Main street (No. 1001-3 Main).

"City of Asbury Park, county of Monmouth, State of New Jersey."

The application further sets forth the size of the building, rental value of the ground, value of the building, &c., and is signed at the end thereof "Doris I. Weeden," and dated at Asbury Park, New Jersey, June 20th, 1929. After receiving this application Tichenor claimed that he proceeded with the work of procuring the loan. Tichenor had a conference with the Howard Savings Institution officials and paid the Howard Savings Institution $10 for an application for a loan on the Weeden property. The Howard Savings Institution agreed to investigate the property with the idea of making a loan to Mr. Weeden. Weeden knew at the time Tichenor took the application that Tichenor expected to apply to the Howard Savings Institution for the loan. Tichenor testified that after he conferred with the officials of the Howard Savings Institution they agreed to examine the property and report to him whether or not they would make the loan. It appears from the evidence that Weeden called up on the telephone about ten days after the application was made and asked Tichenor whether the loan had been procured and then said

that if it had not been procured he had a party present who could obtain the loan for him and that he wanted to know immediately whether the same had been procured. Tichenor replied that the application was in the hands of the Howard Savings Institution and that he would see its officers the following day. The following day Tichenor went to the Howard Savings Institution and learned that the committee from the bank, which had been appointed to appraise the property, had gone to Asbury Park to view that property and other properties for the purpose of making loans. Upon the arrival of the committee at Asbury Park another broker informed the committee from the Howard Savings Institution that the loan had been procured elsewhere, and, therefore, the Howard Savings Institution did not proceed further with the application. The defendant introduced no evidence to contradict this evidence produced by the plaintiff. The judge at the close of plaintiff's case, on motion of the defendant, directed a verdict in favor of the defendant on the ground that there was no contract between the parties for the reason that Tichenor was not obligated and that it was a mere offer which could be withdrawn at any time before acceptance by the tender of a loan, and that Tichenor was told by Weeden that he would procure the loan elsewhere unless Tichenor could make the loan at once. Weeden did not tell Tichenor, however, that the application was at an end or that he should discontinue his efforts to procure the loan.

We are of the opinion that the trial judge erred in directing a verdict in favor of the defendant. The evidence showed that the broker had immediately proceeded to procure the loan and that only ten days had elapsed when Weeden spoke to him about obtaining a loan elsewhere, and on the eleventh day the committee from the Howard Savings Institution had visited the property for the purpose of making an appraisal which they did not complete for the reason that the committee was informed by another broker, employed by Weeden, that the loan had been procured elsewhere. It does not seem that the period which elapsed between the time of the application and the date when the appraisal was attempted to be made

was an unreasonable length of time within which to reach a decision as to the loan, as a matter of law. As stated above Weeden knew that the application had been made to the Howard Savings Institution for the loan. The application for the loan provided that application would not be made elsewhere until a decision was rendered on this application. This court construed a similar application for a loan in the case of *Grossman* v. *Calonia Land and Improvement Co.*, 103 *N. J. L.* 98, which application provided that, "the undersigned wishes to procure a loan of $70,000 at six per cent. interest per annum, for      years, on the bond of the owner, * * * secured by a first mortgage on the following property: * * * the undersigned, do hereby authorize Henry H. Grossman to secure a loan of $70,000, or any amount that I may accept on the above-described property, and promise and agree to pay the said Henry H. Grossman the sum of $6,000 to cover all expenses for services rendered should he succeed in having said loan granted." Grossman immediately went to work to secure the loan and engaged others to assist him. Mr. Justice Parker, speaking for this court, in the Grossman case, said:

"We conclude, therefore, that when the paper-writing was delivered to and accepted by plaintiff and he undertook the employment and proceeded to take the measures usual with brokers to procure the loan on the terms stated, a contract came into being, the obligations whereof were, in substance, on the part of the plaintiff to use reasonable care, diligence and skill in endeavoring to procure the loan to the amount and on the terms stated; on the part of the defendant, to abstain from any unlawful interference with plaintiff in the execution of the commission and to pay the stipulated fee in case of success."

This is the correct rule as applied to the facts in the case now before us. If it is true that Weeden procured a loan elsewhere and thereby prevented Tichenor from fulfilling his part of the undertaking which had ripened into a contract if he used reasonable care, diligence and skill in endeavoring to procure the loan under the terms of the application, then

it was the act of Weeden which prevented Tichenor from fulfilling his part of the contract. It was for the jury to say whether or not Tichenor had been diligent and whether he was prevented from performing his part of the contract by Weeden. At least there was sufficient evidence in this case to substantiate the claim of the plaintiff which at the close of the plaintiff's case stood uncontradicted.

The judgment below is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ.   13.